## Case No. 9,482.

### In re MERRITT.

[A decision by the state court of South Carolina. See 5 Hall's Law J. 497.]

## Case No. 9,483.

### MERRITT et al. v. BREWER.

[4 Am. Law J. (N. S.) 334; 14 Law Rep. 452; 25 Hunt, Mer. Mag. 594.]

SHIPPING—AUTHORITY OF MASTER TO BIND OWNER —EVIDENCE—LIEN.

The libellants [William H. Merritt & Co.] supplied a ship belonging to the state of Maine, and owned by the respondent [J. N. M. Brewer], with ship stores, &c., in this port, at various times, between July, 1849, and August, 1850, on the orders of her master. In June, 1850, the respondent paid the indebtedness then accrued for such supplies, to the amount of $409.30, and interest. The ship then being in this port, and fitting for a voyage to the East Indies, under the same master, the libellants, on the like order, furnished her stores and supplies for the voyage, and allege also that they shipped cargo on board. The master died at Manilla before the voyage was completed. The libellants proved, by the admissions of the master who succeeded him, that a portion of the libellants cargo was appropriated at Manilla to the necessities of the ship. They also proved, that, in addition to ship stores and other supplies furnished the ship in New York, they advanced to the master various sums in cash, whilst she was here fitting out.

Held, that the master had competent authority in law to charge the ship or owner for such supplies, and that it was not necessary for the libellants to prove they were absolutely necessary for the ship, nor that they were actually placed on board. If they were such as were appropriated for the voyage, and were delivered pursuant to the order of the master, or in the usual mode of business, the owner was chargeable for them.

Held, that by paying the former credit to the master and ship, the respondent gave an implied authority to the master to contract the subsequent debt of the same character.

Held, that the declarations of the new master were incompetent evidence to charge the defendant on the claim of libellants for cargo shipped on board. They should proceed upon the bill of lading.

Held, that advances of cash to the master created no lien on the vessel and no liability of the owner, unless appropriated to her necessities, which the creditors must prove, as also the advance for insurance.

A reference ordered to take the account upon the basis of this decision.